

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00463-CR
No. 02-18-00464-CR

_____

MICHAEL BORYS, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 211th District Court
Denton County, Texas
Trial Court Nos. F16-2248-211, F16-2250-211

Before Gabriel, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Gabriel

## MEMORANDUM OPINION

Appellant Michael Borys appeals from his two convictions of intoxication assault and from his consecutive six- and ten-year sentences. In two points on appeal, he argues that (1) the State's use of his blood-alcohol test results was an unreasonable search and seizure and (2) the trial court erred by failing to instruct the jury to disregard the blood-alcohol evidence if the jury found that the sample had been unconstitutionally or illegally obtained. Because Borys did not preserve his first point and because his requested jury instruction was not legally applicable to the prosecution, we affirm the trial court's judgments.

## I. BACKGROUND

On the night of May 2, 2016, Carol Crane woke her six-year-old daughter Jane[1] and buckled her into the back seat of her car to pick up Carol's husband at work. Jane quickly went back to sleep. Carol's normal route involved driving south on a divided highway. Borys, who was travelling north in a southbound lane, hit Carol's car head-on. Shortly before, two drivers on the same highway had seen Borys travelling in the wrong direction and driving on his tire rim, causing sparks under the car and gouges in the pavement. One honked and waved at Borys to get his attention for about two miles to no avail. The other called police. As a result of the ensuing crash involving Borys's car, Carol and Borys were severely injured, requiring

---

[1]We use aliases to refer to the minor and her mother. *See* Tex. R. App. P. 9.8 & cmt., 9.10; Tex. App. (Fort Worth) Loc. R. 7.

emergency and protracted treatment at a hospital. Jane was left a quadriplegic who is dependent on a ventilator to breathe.

As part of Borys's treatment and because he was unconscious, the healthcare providers at the hospital's emergency department automatically drew his blood "to get an initial set of labs" and a toxicology report. The blood test revealed that Borys had a blood-alcohol concentration of 0.243—three times the legal limit. *See* Tex. Penal Code Ann. § 49.01(2)(B). Borys was charged with the intoxication assaults of Carol and Jane, which were third-degree felonies. *See id.* § 49.07. A jury found Borys guilty of both charges and assessed his punishment at six and ten years' confinement, which the trial court ordered to run consecutively. *See id.* § 3.03(b)(1). On appeal, Borys challenges the warrantless seizure and testing of his blood and the failure of the trial court to charge the jury regarding the import of the illegal seizure.

## II. DISCUSSION

### A. BLOOD DRAW

Borys first asserts that the State's acquisition by subpoena and later use at trial of the toxicology report performed by hospital personnel on the drawn blood sample went beyond the scope of the medical reasons for the draw and constituted an unreasonable search and seizure because the sample was taken and tested without a warrant or consent. At trial, Borys argued that the report was inadmissible, relying on *Kelly v. State*, 824 S.W.2d 568 (Tex. Crim. App. 1992), and asserted that because the hospital did not follow protocol in drawing his blood—possibly using an alcohol swab

before drawing his blood—scientific techniques were incorrectly applied.[2]  In other words, he objected to the lack of reliability of the test results and sought their exclusion.  *See id.* at 573.  The trial court concluded that "a scientific technique [under *Kelly*] is not whether or not you use a Betadine swab or an alcohol swab" and overruled the objection.

On appeal, Borys does not raise a *Kelly* argument in asserting that the trial court abused its discretion by admitting the blood-test results.  His only appellate complaint is that the blood draw and test violated his Fourth Amendment rights.  This argument was not raised in the trial court and, thus, is not preserved for our review.[3]  *See* Tex. R. App. P. 33.1(a)(1); Tex. R. Evid. 103(a)(1)(B); *Darland v. State*, 582 S.W.2d 452, 455 (Tex. Crim. App. [Panel Op.] 1979).  We overrule point one.

---

[2]Borys had earlier objected to the test result on other bases, but after the State offered proof in support of its admission, Borys's only objection was to the failure to follow scientific techniques under *Kelly*.  Indeed, the trial court never ruled on the earlier objections, which Borys did not reurge after the State's proffer.

[3]Even if preserved, the blood draw and test, both of which were performed by the hospital and not at the State's request, did not violate Borys's Fourth Amendment rights.  *See State v. Huse*, 491 S.W.3d 833, 840–43 (Tex. Crim. App. 2016) (citing *State v. Hardy*, 963 S.W.2d 516, 527 (Tex. Crim. App. 1997)); *cf. Mitchell v. Wisconsin*, 139 S. Ct. 2525, 2530, 2537–38 (2019) (plurality op.) (holding officer generally need not procure a warrant for blood draw of unconscious DWI suspect under exigent-circumstances exception); *State v. Martinez*, 570 S.W.3d 278, 290 (Tex. Crim. App. 2019) (holding "State's exercise of control over and testing of a blood sample[] constitutes a search"); *State v. Rodriguez*, 521 S.W.3d 1, 14–15, 22 (Tex. Crim. App. 2017) (holding with private-party search and alleged privacy violation, exception to warrant requirement can excuse the lack of a warrant).

## B. Jury Instruction

In his second point, Borys asserts that the trial court erred by refusing his request and failing to instruct the jury that if it reasonably believed the test results had been obtained in violation of the law, it must disregard them.[4] *See* Tex. Code Crim. Proc. Ann. art. 38.23(a). Borys based his request on his argument that a fact issue on the legality of the blood draw was raised because there was no evidence how the blood was drawn or who performed the blood draw and because the sample had not been taken pursuant to hospital protocols. His proposed instruction tracked statutory language regarding required protocols for blood specimens taken "at the request or order of a peace officer." Tex. Transp. Code Ann. § 724.017(a), (c). The trial court denied the requested instruction.

A peace officer did not request Borys's blood specimen or the toxicology test; rather, healthcare providers at the hospital drew and tested Borys's blood as part of his emergency medical treatment. Accordingly, the blood draw and test were not governed by section 724.017, and Borys's requested instruction was not law applicable to his case. *See* Tex. Code Crim. Proc. Ann. art. 36.14. As such, the trial court did not err by failing to charge the jury on inapplicable law. *See Leon-Gomez v. State*, No. 06-18-00144-CR, 2019 WL 1142678, at *2–3 (Tex. App.—Texarkana Mar. 13, 2019, no pet.) (mem. op., not designated for publication); *Hernandez v. State*, No. 13-16-00651-

---

[4]Borys did not file a pretrial motion to suppress the blood evidence.

CR, 2018 WL 2440529, at *2–3 (Tex. App.—Corpus Christi–Edinburg May 31, 2018, pet. ref'd) (mem. op., not designated for publication). We overrule point two.

## III. CONCLUSION

Having overruled Borys's two appellate points, we affirm the trial court's judgments. *See* Tex. R. App. P. 43.2(a).

/s/ Lee Gabriel

Lee Gabriel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: August 26, 2019